Eastern District of Kentucky
FILED

MAR 1 2 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 05-498-KSF

JOSEPH S. GRAVES,                             PETITIONER

V.            **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

GARY BEKSTROM, Warden,                      RESPONDENT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On November 7, 2005, petitioner Joseph S. Graves, *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Boyle Circuit Court on or about May 14, 1987. On January 18, 2006, Respondent filed his answer to petitioner's habeas petition. [DE #4]. Although respondent did not file a specific motion to dismiss or for summary judgment, in his answer, respondent argues that the habeas petition is without merit and should be dismissed.[1] Petitioner having filed a reply to respondent's answer and a memorandum in support of his habeas petition [DE #5], this matter stands submitted for review on the merits.

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

## II. DISCUSSION

**A.**      **Standard of Review**

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines

---

[1] Pursuant to Rule 8(a) of the Rules Governing Title 28 Section 2254 cases in the United States District Courts, motions for summary judgment are not required in habeas corpus proceedings. McBride v. Sharpe, 25 F.3d 962 at 967-971 and 973 (11th Cir. 1994) (en banc), cert. denied, 115 S.Ct. 498 (1994).

v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

**B.    Prerequisites for federal habeas corpus review**

In order to grant Petitioner relief in this proceeding under 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

Petitioner is presently an inmate at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

**C.    Factual and Procedural History**

On or about March 25, 1979, petitioner was convicted of manslaughter in Fayette Circuit Court and received a 20-year sentence of imprisonment. Thereafter, on or about June 19, 1984, petitioner was convicted in Oldham Circuit Court and received a one-year sentence, which was ordered to run consecutively to any other sentence petitioner was required to serve. Subsequently, on or about May 14, 1987, petitioner was convicted of murder in Boyle Circuit Court and received a 30-year sentence; however, when imposing this 30-year sentence, the Boyle Circuit Court did not specify whether it was to run concurrently with petitioner's prior sentences or whether it was to run consecutively to petitioner's prior sentences.

Based on the foregoing three sentences, the Department for Kentucky Corrections has determined that petitioner has a total sentence of 51 years to serve, with a minimum expiration date of August 7, 2023.

On September 17, 2004, petitioner filed a petition for writ of habeas corpus in Oldham Circuit Court, challenging the manner in which the Kentucky Department for Corrections has

calculated his sentences and determined his minimum expiration date. Petitioner asserted that since his 30-year sentence imposed by the Boyle Circuit Court in 1987 was silent as to whether it was a concurrent sentence or a consecutive sentence, pursuant to KRS 532.110(2), that sentence must be treated as a concurrent sentence; therefore, he should only be serving a total sentence of 31 years, not 51 years, and should be immediately released from incarceration as he has already served his 31-year sentence.

By Order of October 8, 2004, the Oldham Circuit Court denied petitioner's petition for a writ of habeas corpus.

Petitioner appealed the denial of his habeas petition to the Kentucky Court of Appeals. In an Order entered on December 14, 2004, the Kentucky Court of Appeals affirmed the Oldham Circuit Court's denial of his habeas petition. See Joseph S. Graves v. Ralph Dailey, Warden, No. 2004-CA-002382-MR, 12/14/04 [Exhibit D to Respondent's Answer to Petition Under 28 USC § 2254 for Writ of Habeas Corpus By a Person in State Custody - DE #4].

On April 13, 2005, the Kentucky Supreme Court denied discretionary review of the decision of the Kentucky Court of Appeals affirming the decision of the Oldham Circuit Court.

The instant habeas petition was filed on November 7, 2005.

**D.     Petitioner's claim**

In the present action, petitioner contends that the 20-year sentence he received in Fayette Circuit Court on or about March 25, 1979, and the subsequent 30-year sentence he received in Boyle Circuit Court on or about May 14, 1987, must be served concurrently because the Boyle Circuit Court, when imposing the 30-year sentence, did not specify whether the 30-year sentence was to be a concurrent sentence or a consecutive sentence; therefore, under KRS 532.110(2), that 30-year sentence must be treated as a concurrent sentence. For these reasons, petitioner submits that he should only be serving a total sentence of 31 years, not 51 years, and should be immediately released from incarceration as he has already served his 31-year sentence.

3

In response, the respondent points out that it is well-settled law in Kentucky that when a crime is committed while one is on parole, the sentence imposed for that crime is required to run consecutively to any other sentence, pursuant to KRS 533.060(2), regardless of whether the court which imposes sentence on the offense committed while on parole specifies that the sentence is to be a consecutive sentence. In support of this argument, the respondent relies on *Riley v. Parke*, 740 S.W.2d 934 (Ky. 1987).

In reply, Petitioner argues that *Riley v. Parke, supra*, should not be applicable to him because he was sentenced by the Boyle Circuit Court about ten (10) months before the *Riley* case was decided and that the application of *Riley* to him in this case is an *ex post facto* violation. Petitioner continues to argue that under KRS 532.110(2), his 30-year sentence imposed by the Boyle Circuit Court in 1987 must run concurrently with the 20-year sentence that was imposed by the Fayette Circuit Court in 1979 because the 1987 Boyle Circuit Court judgment is a silent judgment, *i.e.*, it does not specify whether that sentence is a concurrent sentence or a consecutive sentence, and that when there is a silent judgment, KRS 532.110(2) requires that such a sentence be deemed to be a concurrent sentence. For these reasons, Petitioner submits that he is entitled to relief on his federal habeas petition because the decision of the Kentucky Court of Appeals in affirming the denial of his habeas petition filed in Oldham Circuit Court is a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States

### Applicable law

In considering Petitioner's claims, the court is cognizant that the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d)(1) and (d)(2).

In *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), the Sixth Circuit recognized that by reason of the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000), issued on April 18, 2000, the standard of review that a federal habeas court must apply under § 2254(d) had been changed and that *Nevers v. Killinger*, 169 F.2d 352 (6th Cir. 1999), had effectively been overruled. Elaborating, the court in *Harris v. Stovall, supra*, explained:

> On April 18, 2000, the Supreme Court issued a decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d). The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 1523, 120 S.Ct. 1495. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 1522, 120 S.Ct. 1495.
>
> In this case, the district court referred to our holding in *Harpster*, which simply noted the differing interpretations of § 2254(d) developing in our sister circuits, but found that the standard under § 2254(d) had not been met. See *Harpster*, 128 F.3d at 326-27. Subsequently, in *Nevers v. Killinger*, 169 F.3d 352 (6th Cir.), cert. denied, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999), we found it appropriate to rely on the Fifth Circuit's "debatable among reasonable jurists" standard in *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir.1996), combined with the First Circuit's standard of "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes," set forth in *O'Brien v. Dubois*, 145 F.3d 16 (1st Cir.1998). *See Nevers*, 169 F.3d at 361-62. Later, we reaffirmed this approach in *Maurino v. Johnson*, 210 F.3d 638, 643-44 (6th Cir.2000). However, the Supreme Court in *Williams* found that the Fourth Circuit's test--that a state court's application of federal law was "unreasonable" only if the court had applied federal law in a manner that reasonable jurists would all agree was unreasonable--was erroneously subjective, as the inquiry should be objective. The Court expressly disavowed the Fifth Circuit's "reasonable jurist" standard set forth in *Drinkard*. In light of the Supreme Court's decision in *Williams*, we find that *Nevers* and *Maurino* no longer correctly state the law on the issue of the appropriate standard under 28 U.S.C. § 2254(d). We must therefore rely solely on the Supreme Court's decision in *Williams* for the appropriate standard under § 2254(d).

*Harris v. Stovall, supra*, 212 F.3d at 942-43.

5

With this standard in mind, it is necessary to review the decision of the Kentucky Supreme Court on direct appeal and the decision of the Kentucky Court of Appeals on collateral review to determine if those adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

## Discussion/Analysis

*Riley v. Parke, supra,* the case on which the Respondent relies in support of its argument that Petitioner's habeas petition is without legal foundation and should be dismissed, is set out in its entirety below:

> On January 16, 1981, Appellant Riley was convicted of first-degree armed robbery in Woodford Circuit Court, and sentenced to serve twenty-five years' imprisonment. On January 16, 1985, Appellant Wills was convicted of receiving stolen property in the Fayette Circuit Court and of being a persistent felony offender in the second degree. He was sentenced to serve ten years in prison. At the times of their convictions, both men were on parole from previous offenses. Both judgments were silent as to whether the former and present prison terms should run consecutively or concurrently. Pursuant to KRS 533.060(2), the Corrections Cabinet set the sentences to run consecutively. The appellants filed habeas corpus actions in Oldham Circuit Court pursuant to KRS 419.020, contending the Corrections Cabinet was improperly calculating their sentences. These were denied by the Oldham Circuit Court, and affirmed by the Kentucky Court of Appeals.
>
> The issue to be decided by this appeal is whether the Corrections Cabinet exceeded its authority in setting the appellants' sentences to run consecutively. We hold that it did not.
>
> Appellants contend that there is a conflict between KRS 532.110(2) and KRS 533.060(2). KRS 532.110(2) provides:
>> (2) If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentences which the defendant must serve.
>
> However, KRS 533.060(2) states:
>> (2) *When a person has been convicted of a felony and is* committed to a correctional facility maintained by the corrections cabinet and *released on parole* or has been released by the court on probation, shock probation, or conditional discharge, *and is convicted or enters a plea of guilty to a felony committed while on parole,* probation,

6

> shock probation, or conditional discharge, such person shall not be eligible for probation, shock probation, or conditional discharge and *the period of confinement for that felony shall not run concurrently with any other sentence.* (Emphasis added).

Thus, appellants maintain that since their judgments are silent as to whether they should run consecutively or concurrently, the conflict should be resolved to run their sentences concurrently, notwithstanding KRS 533.060(2). Appellants argue that by setting the sentences to run consecutively, the Corrections Cabinet wrongfully thwarted the wishes of the trial court. They claim that the trial courts knew their silence would result in concurrent sentences; thus, changing the order to consecutive sentences invaded the scope of the court's authority.

We disagree. Although there facially appears to be a conflict between KRS 532.110(2) and KRS 533.060(2), we hold that the latter controls. This very issue was decided in *Devore v. Commonwealth,* Ky., 662 S.W.2d 829, 831 (1984), where we said:

> *The General Assembly has rather clearly shown its intention to provide stiff penalties for convicted and paroled felons who commit subsequent felonies while on parole.* Parole is, of course, a very special privilege given to prisoners who have evidenced to the parole board, by their conduct and their verbiage, their reliability to have their sentence served out of prison and to comply with whatever condition the board may attach. *The General Assembly obviously felt that those parolees who violate this trust by the commission of a felony shall be forced to suffer the penalties. Viz-not being eligible for probation, etc., and not having their subsequent sentences served concurrently.* (Emphasis added).

Therefore, the clear intent of the legislature was to exact a further penalty upon those who, allowed to leave prison early, choose to violate their agreements and commit yet more crimes. Thus, the Corrections Cabinet did not improperly calculate appellant's sentences.

Appellants also argue that setting the order of the sentences was beyond the scope of authority of the Corrections Cabinet. They claim that such determination of the length of time they must serve is within the exclusive purview of the trial court.

We disagree. The application of KRS 533.060(2) is essentially administrative in nature, and is certainly properly included in the duties of the Corrections Cabinet.

We therefore affirm the judgment of the Court of Appeals.

*Riley v. Parke, supra.*

The factual background in *Riley v. Parke, supra,* is virtually identical to the factual background of Petitioner's case. *Riley* concerned two different defendants, Paul Riley and John Wills, who both had committed offenses while on parole and who had been convicted in different courts for these subsequent offenses. Additionally, when imposing these subsequent sentences, both

7

courts were silent as to whether these sentences were to be concurrent sentences or consecutive sentences. By reason of KRS 533.060(2), the Corrections Cabinet deemed these subsequent sentences to be consecutive sentences, which was upheld by the Kentucky Supreme Court in *Riley v. Parke*.

*Riley v. Parke* is on all fours with the present action and is applicable and controlling authority. Contrary to Petitioner's argument, the fact that he was convicted in the Boyle Circuit Court about 10 months prior to the date *Riley v. Parke* was decided, November 25, 1987, does not mean that the application of *Riley v. Parke* to him is an *ex post facto* violation. There is no *ex post facto* violation because *Riley v. Parke* does not represent a new law that was created on November 25, 1987, and applied retroactively to Petitioner concerning his prior conviction in the Boyle Circuit Court on May 14, 1987. *Riley v. Parke* is simply another case wherein the Kentucky Supreme Court reiterated the well-settled law in Kentucky that sentences imposed for offenses committed while one is on parole must run consecutively to any other sentence one is required to serve. As noted by the Kentucky Supreme Court in *Riley v. Parke*, the same issue concerning sentences imposed for offenses committed while a defendant was on parole was previously decided in *Devore v. Commonwealth*, 662 S.W.2d 829 (Ky. 1984). Thus, this issue was decided at least as early as 1984, and has been the law in Kentucky since that time; therefore, it was the law in Kentucky at the time Petitioner committed the murder offense on which he received a 30-year sentence in 1987. Therefore, Petitioner's argument that the application of *Riley v. Parke* to him in this situation is an *ex post facto* violation because it was applied to him retroactively is without merit. To reiterate, *Riley v. Parke* did not represent the creation of a new law; it simply recognized the well-settled law that had been established since at least 1984 that sentences, such as Petitioner's, are deemed to be consecutive sentences, even when the sentencing court does not specify whether such sentences are consecutive or concurrent.

Consequently, the Magistrate Judge concludes that Petitioner has not established that the decision of the Kentucky Supreme Court which affirmed the Oldham Circuit Court's dismissal of

8

Petitioner's habeas petition (a) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For these reasons, the Magistrate Judge concludes that Petitioner is not entitled to federal habeas relief on this claim.

### III. CONCLUSION

For all of the reasons stated above, based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concludes that Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS RECOMMENDED** that Petitioner's habeas petition be **DENIED** and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e).

This 12th day of March, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

9