UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 05-498-KSF

JOSEPH S. GRAVES                                                        PETITIONER

V.                                  **ORDER**

GARY BECKSTROM                                       RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \*

On November 7, 2005, petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] in the United States District Court for the Western District of Kentucky. The matter was then transferred to this district on December 2, 2005. [DE #1]. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On March 12, 2007, the Magistrate Judge filed his report and recommendation, recommending that the petition be denied. Regarding the petitioner's claim that the 20-year sentence he received in Fayette Circuit Court on or about March 25, 1979, and the subsequent 30-year sentence he received in Boyle Circuit Court on or about May 14, 1987, must be served concurrently under KRS 532.110(2), the Magistrate Judge concluded that the decision of the Kentucky Supreme Court in *Riley v. Parke*, 740 S.W.2d 934 (1987), is controlling. In *Riley*, the court held that sentences imposed for offenses committed while one is on parole must run consecutively to any other sentence one is required to serve. Although *Riley* was decided after the petitioner's conviction in the Boyle Circuit Court, the Magistrate Judge found there was no *ex post facto* violation because

*Riley* does not represent new law, but rather reiterates well-settled law in Kentucky. Accordingly, the Magistrate Judge determined that the petitioner was not entitled to the requested relief.

Neither the petitioner nor the respondent filed objections to the Magistrate Judge's report and recommendation, and the time for same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's report and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's report and recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable." Therefore, the Court will not issue a certificate of appealability.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's report and recommendation [DE #8] is ADOPTED as and for the opinion of the Court;

(2) the petitioner's petition for a writ of habeas corpus [DE #1] is DISMISSED WITH PREJUDICE;

(3) pursuant to 28 U.S.C. § 1915, Petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith;

(4) this is a final order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue; and

(5) judgment will be entered contemporaneously with this order.

This April 16, 2007.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**